IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| TRAVIS LEE OWENS,<br><br>Petitioner,<br><br>vs.<br><br>JASON KOWALSKI, and ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondent. | Cause No. CV 23-39-H-SEH<br><br>ORDER |

Pending before the Court is Petitioner Travis Lee Owens' ("Owens"), a state prisoner proceeding pro se, application for writ of habeas corpus.[1]

## I. Preliminary Review

The Court must determine whether "it plainly appears from the petition and any attached exhibits that the prisoner is not entitled to relief" before the State is required to respond.[2] A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review."[3] The Court

---

[1] Doc. 1.
[2] Rule 4(b), Rules Governing § 2254 Cases in the United States District Courts.
[3] *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996)(Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases).

should "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."[4]

Owens' claim is unexhausted. The petition will be dismissed without prejudice.

## II. Exhaustion

Owens is currently incarcerated at Missoula County Detention Center following conviction in Lewis and Clark County, Montana on January 18, 2023.[5] He pled guilty to charges filed. He did not appeal, did not seek relief at the Sentence Review Division, and has not filed a state petition for postconviction relief.[6]

This Court may only entertain a habeas corpus petition if the petition demonstrates that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States.[7] "[E]rrors of state law do not concern us unless they rise to the level of a constitutional violation."[8] Owens' current petition is not cognizable because he fails to identify a purported federal constitutional violation.

Any cognizable federal claim is presently unexhausted. Moreover, Owens

---

[4] Advisory Committee Note (1976), Rule 4, § 2254 Rules.
[5] Doc. 1 at 2–3.
[6] Doc. 1 at 3.
[7] 28 U.S.C. § 2254(a)); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68, (1991) (federal habeas corpus relief does not lie for errors of state law).
[8] *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1400 (9th Cir. 1989).

2

acknowledges he has not presented this claim in any fashion to the state courts.

A federal court may entertain a petition for habeas relief only if the petitioner has exhausted state court remedies before petitioning for a writ in federal court,[9] and federal courts may not grant a writ of habeas corpus brought by an individual in custody by order of a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State."[10] "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights."[11]

A petitioner must (1) use the "remedies available," in § 2254(b)(1)(A) through the state's established procedures for appellate review,[12] (2) describe "the federal legal theory on which his claim is based,"[13] and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies" to meet the exhaustion requirement of 28 U.S.C. §§ 2254(b) and (c).[14] A petitioner must meet all three prongs of the test in one proceeding. "Mere 'general appeals to broad constitutional principles, such as due process,

---

[9] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).
[10] 28 U.S.C. §2254(b)(1)(A).
[11] *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).
[12] *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).
[13] *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008).
[14] *Id.; see also Gray v. Netherland*, 518 U.S. 152, 162–63 (1996).

equal protection, and the right to a fair trial,' do not establish exhaustion."[15]

In the present case, the state courts have not yet considered the claim Owens attempts to advance. He must first present the same claim to the state courts, including the Montana Supreme Court, in a procedurally appropriate manner and give it full opportunity to review the federal constitutional claim.[16] He has not yet done so. This Court cannot review the claim.[17] It will be dismissed without prejudice.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability ["COA"] when it enters a final order adverse to the applicant."[18] A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right."[19] The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further."[20] If a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in

---

[15] *Castillo v. McFadden*, 399 F. 3d 993, 999 (2005).
[16] *O'Sullivan*, 526 U.S. at 845.
[17] *See Rose v. Lundy*, 455 U.S. 509 (1982).
[18] Rule 11(a), Rules governing § 2254 Proceedings.
[19] 28 U.S.C. § 2253(c)(2).
[20] *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

its procedural ruling."[21]

Owens has made no substantial showing that he was deprived of a federal constitutional right. The claim is not cognizable. The petition is unexhausted. Reasonable jurists would find no basis to encourage further proceedings.

**ORDERED:**

1. Owens' Petition[22] is **DISMISSED** without prejudice.

2. The Clerk of Court is directed to enter a judgment of dismissal.

3. A certificate of appealability is **DENIED**.

DATED this 14th day of June, 2023.

*Sam E. Haddon signature*
Sam E. Haddon
United States District Court

---

[21] *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).
[22] Doc. 1.